JUDGE ROBERTSON
delivered the opinion of the court:
On a summons on a forfeited recognizance acknowledged by the appellant for the appearance of his son to answer an indictment for felony, in the Bourbon circuit court, that court rendered a judgment by default for the penalty of $500.
On a subsequent day of the same term the appellant, on reasonable grounds, verified by his oath, moved the court to set aside the judgment, and permit him to file an answer, alleging, as an excuse for the non-appearance of his son on the day fixed in the recognizance, that he “ was necessarily prevented from appearing in said court on said day because he was then, on said day, in the custody and control of the law of this State, and legally confined by legal process in the jail of Carroll county, Kentucky, upon a charge of felony, where he yet is.”
But the court, adjudging the answer insufficient, refused to admit it, or to revoke the judgment.
And, on this appeal from that judgment, the only question for the consideration of this court is the sufficiency of the proffered answer.
The statement that his son was “necessarily prevented,” is not an averment of a fact, but is only the appellant’s own deduction from the facts afterwards averred; and these, in the opinion of this court, do not justify that deduction.
If the Commonwealth, by her own act, prevented an appearance in discharge of the recognizance, she certainly should not enforce the penalty for non-appearance.
*115 But the facts alleged in the rejected answer, if admitted, do not show such prevention; they neither allege that the accused would have appeared, even had he not been imprisoned, nor that the imprisonment was before the specified day. Notwithstanding all that is alleged, the accused, if he intended to appear, might have done so before his arrest in Carroll, and thereby have escaped the imprisonment. Had the imprisonment been before the day fixed for appearance, why did not the appellant state when his son was arrested, so as to show that the arrest did not allow him reasonable time to go from Carroll to Bourbon before the day appointed. Silence on that vital fact is fatal. In this respect, this case and that of Alguire vs. the Commonwealth, 3 B. Mon., are substantially analogous; and, so far as the question here involved was adjudged in that case, we concur on both reason and authority in that judgment, even though we might not admit either the reason or authority of all that is said in that opinion.
We therefore conclude that the judgment in this case is right according to the law and the facts, on which alone this court, having no executive discretion, must decide.
Wherefore, the judgment is affirmed.